IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FILSAN DUALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 1:20-cv-01499 (RDA/IDD) |
| EDWIN C. ROESSLER, JR., *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Filsan Duale's ("Plaintiff") Motion to Remand to State Court ("Motion"). Dkt. 10. Considering the Motion, Plaintiff's Memorandum in Support of the Motion (Dkt. 11), Defendants Edwin C. Roessler Jr., Sgt. Joe Shoemaker, and the Fairfax County Police Department's ("Defendants") Opposition (Dkt. 13), and Plaintiff's Reply (Dkt. 17), it is hereby ORDERED that Plaintiff's Motion (Dkt. 10) is GRANTED.

I.   BACKGROUND

Plaintiff originally filed this matter on December 20, 2019 in the Circuit Court for the County of Fairfax against Defendants Col. Edwin C. Roessler Jr., the Fairfax County Police Department, Sgt. Joe Shoemaker, Brandon Vinson, and John Doe Police Officers 1-5. Dkt. 1 at 1. Plaintiff generally alleges that, on December 27, 2017 at approximately 8:00 p.m., Fairfax County Police Department ("FCPD") officers acted with "reckless disregard for the public safety [and] engaged in [a] dangerous and grossly negligent police chase of a pickup truck driven by Defendant Brandon Vinson." Dkt. 1-2 at 2. Plaintiff further alleges that the van she was driving, which contained five children, was struck by Defendant Vinson as he was being chased by the police officers. *Id* at 3. Plaintiff alleges that she suffered injuries as a result of the collision. *Id.* at 3.

Plaintiff specifically alleges that "FCPD officers ignored reasonable police standards and continued to pursue [Defendant] Vinson's vehicle for ten miles even after multiple attempts to stop [Defendant] Vinson failed." *Id*. at 4.  Plaintiff's original Complaint asserted claims for Gross Negligence against Defendants Shoemaker, FCPD, and John Does 1-4 (Count I); Grossly Negligent Supervision against Defendants FCPD, Roessler, and John Doe 5 (Count II); Grossly Negligent Training against Defendants FCPD and Roessler (Count III); Violations of 42 U.S.C. § 1983 against Defendants Shoemaker, FCPD, Roessler, and John Does 1-5 for "excessive and unreasonable use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States" (Count IV); Gross Negligence against Defendant Vinson (Counts V and VI). *Id*. at 14-21.

On December 4, 2020, Defendants filed a notice of removal. Dkt. 1.  Plaintiff filed an Amended Complaint on January 6, 2021. Dkt. 9. The Amended Complaint alleges many of the same claims and factual allegations against Defendants as did the original Complaint. Unlike the original Complaint, however, the Amended Complaint differs in two important ways. First, the Amended Complaint does not include a claim under 42 U.S.C. § 1983. *Compare* Dkt. 1-2 at 18, *with* Dkt. 9.  Instead, the Amended Complaint lists claims seeking relief from Defendants under theories of negligence, gross negligence, negligent supervision, and negligent training. Dkt. 9 at 20-26.  Second, the Amended Complaint includes additional allegations alleging that the FCPD was on notice that its police pursuit policies were outdated and needed to be revised at the time of the incident involving Plaintiff. Dkt. 9 at 11-15.

Plaintiff filed the instant Motion on January 6, 2021. Dkt. 10. Plaintiff primarily argues that because the Amended Complaint no longer alleges any federal claims or contains any other basis for subject matter jurisdiction, the case should be remanded to the Circuit Court for the

2

County of Fairfax.  Defendants respond[1] that the Court should exercise its discretion to retain jurisdiction over the case.  This matter is now ripe for disposition.

## II.  ANALYSIS

The parties appear to agree that, when the case was removed, federal question jurisdiction under 28 U.S.C. § 1331 existed by virtue of Plaintiff's § 1983 claim.  Plaintiff's primary contention is that the Court should remand the case to the Circuit Court for the County of Fairfax because the Amended Complaint no longer contains any basis for subject matter jurisdiction.  Defendants respond that, although the case no longer presents any federal question, the Court should exercise its discretion to retain jurisdiction over the case.  For the following reasons, the Court finds that Plaintiff's Motion should be granted and that this case should be remanded to the Circuit Court for the County of Fairfax.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Fourth Circuit has interpreted § 1447(c) as "not an absolute mandate, but [a] preference for remand when all federal claims drop out of a properly removed case."  *Payman v. Lee Cnty Community Hosp.*, 338 F. Supp. 2d 679, 682 (W.D. Va. 2004) (citing *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").  However, "there is a strong preference for remand when all federal claims have been dismissed, particularly when, as here, the federal claims are dismissed shortly after removal."  *Futrend Tech., Inc. v. Microhealth,*

---

[1] Defendant Vinson has not joined or opposed the Motion.

*LLC*, 1:19-cv-00361, 2019 WL 1966636, at *2 (E.D. Va. May 2, 2019) (internal quotation omitted).

Defendants acknowledge that, despite the Fourth Circuit's preference to remand a case when all federal claims have been removed, the Court should exercise its discretion to retain jurisdiction of this matter. Dkt. 13 at 5. Defendants rely on *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) for the proposition that a district court may retain jurisdiction over a properly removed case that no longer contains any basis for subject matter jurisdiction, when, in its discretion, retaining jurisdiction would best serve principles of economy, convenience, fairness, and comity.

Relying on those principles, Defendants argue that it would be "fair" to the parties to keep the matter before the Court because the Plaintiff "ran the risk" that the case could be removed to federal court when she included a § 1983 claim in the original Complaint. Dkt 13 at 6. Defendants also argue that the parties have engaged in motions practice before the Court, including the filing of a motion to dismiss, and that there are no novel or complex issues of state law raised in the Amended Complaint. *Id*. According to Defendants, Plaintiff is also attempting to "manipulate" the forum by removing the § 1983 claim from the Amended Complaint. *Id*. Plaintiff responds that this case is still in its infancy and that the parties have not commenced discovery. Dkt. 17 at 2-4. Plaintiff also argues that the case involves novel issues of state law regarding FCPD pursuit policies and that she was entitled to amend the Complaint under Fed. R. Civ. P. 15(a). *Id*. at 1, 4-5.

The Court finds that Defendants' concerns for fairness do not militate against remanding the case, particularly in light of the case's procedural posture and relative infancy. Although the Court does acknowledge that certain Defendants have filed a motion to dismiss the Amended

4

Complaint, the Court is unaware of any rule which would prohibit the filing of a similar motion in state court if the case were remanded. In addition, given that the parties have not commenced discovery, the Court finds that remand would not be inefficient. As to Defendants' contention that Plaintiff has sought to "manipulate" jurisdiction, the Court cannot conclude that Plaintiff has engaged in manipulative tactics by merely exercising her right to file an amended complaint under Federal Rule of Civil Procedure 15(a). Most significantly, the Court finds that considerations of comity weigh heavily toward remand. As Plaintiff correctly argues, the issues of law and fact raised by the allegations in the Amended Complaint include issues directly pertaining to the operation of the FCPD, as well as the training and policies governing its officers. Given these considerations, the Court concludes that it should avoid issuing "needless decisions of state law" when the Circuit Court for the County of Fairfax will provide a "surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion (Dkt. 10) is GRANTED, and this matter is hereby remanded to the Circuit Court for the County of Fairfax.

It is SO ORDERED.

Alexandria, Virginia
September 7, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge